**.UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CoxCom, Inc. dba** | : | |
| **Cox Communications New England** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Case No.: CA 04 389 S** |
| **Kenneth and Natercia Monroe** | : | |
| **Defendants** | : | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff hereby moves this Court for a Judgment by Default in the above-entitled action against the Defendants. The Plaintiff also requests that this court assess non-Liquidated Damages after considering the Plaintiff's filings made herewith. The Plaintiff contends that the court should be able to assess non-liquidated damages in this action based upon the facts as determined through the Defendants' default all in accordance with Fed. R. Civ. P. 55(b)(2). However, should this court determine that testimony is necessary or even helpful for the assessment of non-liquidated damages, the Plaintiff requests that such a hearing be scheduled.

In support of this Motion, Plaintiff submits:

1. That a Default was entered against the Defendants on January 28, 2005.

2. That Defendants have still failed to reply or otherwise defend the claims set forth in Plaintiff's complaint;

3. That Defendants are not an infant or incompetent;

4. That Defendants are not in the military service; and,

5. That the Plaintiff is entitled to damages and other civil remedies as set forth below.

In further support of this Motion, please see:

1. Memorandum of Law in Support of Plaintiff's Motion for Default Judgment.

2. Affidavit of Attorney Francis S. Holbrook, II.

3. Proposed Order of Default.

**WHEREFORE** Plaintiff respectfully requests that this court enter Default Judgment in favor of the Plaintiff and against the Defendants for the following:

1. $7,000.00 in statutory damages pursuant to Title 47 Section 47 U.S.C. § 553(c)(3)(A)(ii) and/or 47 U.S.C. § 553(c)(3)(B).

2. Costs of $215.00 pursuant to Title 47 Section 553;

3. The issuance of a permanent injunction pursuant to Title 47 Section 553 utilizing the following language or language of a similar nature:

   "The Court hereby enjoins the Defendants, the Defendants' respective agents, servants, employees, and any person or entity controlled directly or indirectly by the Defendants or acting on the Defendants' behalf from the further modification and/or use of electronic equipment designed for the unauthorized interception of signal in violation of provisions of Title 47; and,

4. Post-Judgment interest running on the judgment pursuant to 26 U.S.C. § 1961; and

5. Attorney's fees in the amount of $1,380.00 pursuant to Title 47 § 553.

Respectfully Submitted for the Plaintiff,
CoxCom, Inc.
dba Cox Communications New England
By Its Attorney,

6/20/05
Date

Francis Holbrook (Bar No.: 3412)
Miller, Scott & Holbrook
122 Touro St.
Newport, RI 02840

2301/cb

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CoxCom, Inc. dba** | : | |
| **Cox Communications New England** | : | |
| **Plaintiff** | : | |
| **vs.** | : | **Case No.: 04-389 S** |
| **Kenneth and Natercia Monroe** | : | |
| **Defendants** | : | |

## PLAINTIFF'S MEMORANDUM OF LAW

### 1. Effect of Default

The Plaintiff filed a Complaint in this action on September 3, 2004. The Defendants were served with copies of the Complaint, Summons, and other pertinent documentation. Thereafter, the Defendants failed to appear in this action. On January 28, 2005 Default was entered against the Defendants in this action. Plaintiff has now moved for Default Judgment against the Defendants.

The Default already entered in this action against the Defendants is similar to a finding of liability against the Defendants. See, *Almedia v. Secretary of Health Education of Welfare*, 622 F. 2d 1044 (1st Circuit 1980). Accordingly, based upon the Default that has already entered against the Defendants, the Plaintiff has now proven the liability of the Defendants as to the matters set forth in the Plaintiff's pleadings.

### 2. Analogous Case Law

The Plaintiff has moved forward for Default pursuant to 47 U.S.C. § 553, a provision of Title 47 that prohibits the unauthorized interception of television signals from the cable television system. This District Court has specifically ruled that Title 47 U.S.C. § 553 is an appropriate statutory remedy for the unauthorized interception of television signals from a coaxial cable. See *TCI Cablevision of New England, Inc. v Pier House Inn, Inc.* 930 F Supp 727 (DRI 1996).

The telecommunications provisions of the United States Code also contain the provision, 47 U.S.C. § 605, which prohibits the unauthorized utilization of interstate radio-originated communications. Section 605 is extremely similar to 47 U.S.C. § 553. Both provisions essentially bar the unauthorized interception of television signals. Also, the statutory damage provisions for non-commercial defendants in § 605 and § 553 are extremely similar. In fact, the Second Circuit has held that where there is an unauthorized interception of signals from a coaxial cable, and the signals intercepted from the cable include interstate radio-originated communications, both §605 and §553 are violated. See *International Cablevision, Inc. v. Sykes* ("Sykes I"), 997 F. 2d 998, 1007 (2d Cir. 1993); *International Cablevision, Inc. v. Svkes* ("Sykes II"), 75 F.3d 123, 131 n.4 (2d Cir. 1996); but see *TCI Cablevision of New England, Inc. v Pier House Inn, Inc.* 930 F Supp 727 (DRI 1996). In any event, even if § 605 might not apply for unauthorized cable television violations in the District of Rhode Island the cases decided pursuant to 47 U.S.C. § 605 are, at least, analogous or similar to §553 cases. Accordingly, the Plaintiff will make citations to § 605 cases simply as persuasive authority.

In the case at bar the Defendants were using a black market non-addressable descrambling device to covertly descramble all of the cable company's signals. This descrambling device is often referred to a "black box". The Plaintiff may cite to cases where a cable television company's legitimate converter/descramblers had been covertly modified by a defendant or his agent to create a non-addressable descrambling device, in essence a homemade black box. This descrambling device was then utilized for the unauthorized interception of the Plaintiff's signals. Therefore these "homemade black box cases" are analogous to the claims in this Civil Action. Additionally, the Plaintiff may cite to satellite television cases wherein the defendants utilize satellite de-scrambling devices that are also similarly analogous to the black box utilized by the Defendants in this Civil Action.

**3. The Plaintiff's Case without the Default**

Even without the Defendants' Default, the Plaintiff still has a strong case against the Defendants. Possession of a television descrambling device is sufficient evidence from which a trier of fact could infer that the device was used to descramble the Plaintiffs television signals. The decision in the Florida District Court case of *DirecTV. v. Miller*, Case no 6:03-cv-1027-Orl-19KRS (a copy of the unpublished case is attached hereto as **"Exhibit A"**) supports this proposition. In the Miller case, the plaintiff, DIRECTV, had evidence that the Defendant possessed a satellite television descrambling device called an "unlooper". The Defendant in the *Miller* case moved for Summary Judgment against DIRECTV contending that DIRECTV lacked the necessary "direct evidence" such as eyewitness testimony or videotape of some wrongdoing. The Court rejected this argument stating:

> A reasonable jury could conclude that the defendant illegally stole DirecTV's programming. Based on their life experience, a jury could reasonably assume that people only buy electronic equipment such as televisions, computers, or (in the case of Defendant) satellite piracy unloopers when they plan to use such equipment. It would be a strange world, after all, if people regularly bought such equipment and then put it in the closet to collect dust. *Id* at 7

Moreover, the Defendants' actual possession of a television descrambling device can lead to the reasonable inference that the device was used to descramble. In *Community Television Systems, Inc. v. Caruso*, 134 F. Supp. 2d 455 (D. Conn. 2000), *aff'd*, 224 F.2d 430 (2d Cir. 2002), there was evidence that the defendants purchased and installed cable television de-scramblers that would allow them to illegally view the plaintiff's cable television programming. *Id.* at 456. Although there was no so-called "direct" evidence that the Defendants had ever actually used the devices the court, nonetheless, found the Defendants liable for using the devices. After noting that the Defendants had engaged in the transactions of obtaining descrambling devices from a distributor named "Radil" the court said:

> Based on the record here, the most reasonable inference is that each such transaction was engaged in with Radil so the descrambler could be used for its intended purpose, namely to receive cable services over TCI's system; there is no evidence of non-use or any other use. Thus, the court concludes that each of the named defendants used and benefited financially from the descrambler sold by

Radil, commencing in 1992 *Id.* at 460.

The Second Circuit affirmed the pertinent elements of the Connecticut District Court's liability decision in the *Caruso* case. In fact, the Second Circuit stated that the purchase and installation evidence was ***"at least"*** enough evidence for a rebuttable presumption of use. The court said:

> "In the pending case, the seller's computer records showed the names of [the defendants] and the devices were installed in their home. That evidence suffices to create ***at least*** a rebuttable presumption that each of them is liable." *Community Television Systems, Inc. v. Caruso*, 284 F.3d 430, at 432 (2nd Cir. 2002) ( emphasis added).

**4. Well Pled Facts Deemed Proven Upon Default**

The Default already entered in this action against the Defendants is similar to a finding of liability against the Defendants. See, *Almedia v. Secretary of Health Education of Welfare*, 622 F. 2d 1044 (1st Circuit 1980). Accordingly, based upon the Default that has already entered against the Defendants, the Plaintiff has now proven the liability of the Defendants as to the matters set forth in the Plaintiff's pleadings.

Accordingly, the Plaintiff has proven certain pertinent facts, including but not limited to the facts that:

a. The Plaintiff has the legal franchise to sell cable television services in the Defendants' area;

b. The Plaintiff distributes its cable television services to its subscribers utilizing scrambling technology such that a subscriber will receive descrambled (clear view) signals only for those services the subscriber is authorized to receive;

c. From on or about October 7, 1999 the Defendants were in possession of an illegal descrambling device capable of receiving the Plaintiff's signals without authorization and without payment for said signals.

d. From on or after October 7, 1995, the Defendants utilized an unauthorized descrambling device to receive and/or intercept the

Plaintiff's premium cable channels and pay per view events without authorization and without payment to the Plaintiff; and

e. The Defendants' unauthorized interception of signal was done knowingly and willfully.

Based upon these facts and others set forth in the Plaintiff's pleadings, the Defendants are now liable to the Plaintiff for willful violations of Title 47 U.S.C. § 553(a). Specifically, the Defendants' actions violated §553(a)(1), which provides:

> **No person shall intercept or receive or assist in intercepting or receiving any communications services offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.**

## II. Damages

### 1. Damage Provisions and Remedy Provisions in Title 47 U.S.C. § 553(c)

Title 47 U.S.C. §553(c) provides civil damages and remedies to an aggrieved party from a Defendant who has violated the above referenced §553(a) (1). Various subsections of § 553 (c) provide:

1. The Court may grant a final injunction to prevent further violations of §553 (a)(1) pursuant to 47 U.S.C. § 553 (c)(2)(A);
2. The Court may grant recovery of full costs including awarding reasonable attorney's fees to the aggrieved party who prevails pursuant to 47 U.S.C. 553(c)(2)(C); and
3. The Court may award actual damages or the Court may, at the Plaintiff's election, award statutory damages in a sum of not less than $250.00 or more than $10,000.00 as the court considers just, pursuant 47 U.S.C. § 553(c)(3)(A)(ii).
4. The court can increase the statutory damage award by up to $50,000.00 if the violations of §553 (a) were willful and private financial gain pursuant to 47 U.S.C. § 553(c)(3)(B).

5. Although a language of 47 U.S.C. §553(c) provides little guidance on the assessment of statutory damages, courts have used a variety of factors when assessing statutory damages (see below).

**2. Considering an Estimate of actual damages When Assessing Statutory Damages**

When assessing statutory damages District Courts have considered estimates of actual damages to assist them in assessing statutory damages. See *Comcast v Naranjo* 303 F. Supp. 2d 43 (D. Mass 2004), *Charter v Burdulis* __ F.Supp.2d __ 2005 WL 984223 (D. Mass 2005) and *Comcast v Doucette* CA NO, 03-11779-REK (D. Mass 2005) (a copy of the unpublished case is attached hereto as "**Exhibit B**");

In this action the court should consider that since 1999 the Defendants had unauthorized access to signals of the Plaintiff, including, at least for a considerable period of time, unauthorized access to every pay-per-view special event, every adult channel offering, every pay-per-view movie and every premium channel, twenty-four hours a day, 7 days a week. District courts in this First Circuit have found considerable damages per month when estimating actual damages. See *Century ML-Cable Corp v. Carrillo Diaz* 39 F.Supp.2d 121 (D. Puerto Rico 1999) where the Federal Court apparently accepted $591.65 as a monthly damage amount for unauthorized interception.; and see *Comcast v Naranjo* 303 F. Supp. 2d 43 (D. Mass 2004) where the Federal Court specifically found $139.00 as a monthly damage amount for unauthorized interception. When the court considers that the black box in question in this action was purchased in 1995 the estimate of actual damages to be considered when assessing statutory damage would have to be significant simply based upon the number of months involved in even if the estimate of monthly damage was at the lower end.

**3. Assessing additional damages, over and above an estimate of actual damages, pursuant to the exemplary damages provision of the statute, 47 U.S.C. §**

**553(c)(3)(B), based upon the willfulness and private financial gain of the defendant.**

In the recent case of *Charter v Burdulis* __ F.Supp.2d __ 2005 WL 984223 (D. Mass 2005) the Massachusetts Federal District Court found it could assess additional damages pursuant to 47 U.S.C. § 553(c)(3)(B) where it found the violations of 47 U.S.C. § 553(a) were willful and were for a private financial gain. *Id* at 20. The court went on to find that it was indeed willful to purchase a descrambler and install it. *Id* at 22.

The court in the *Charter* case also found that "An individual's use of a descrambler to obtain cable programming without paying for it constitutes 'private financial gain' within the meaning of the statute, absent usual circumstances not apparently present here." *Id* at 25. The *Charter* court stated that this reasoning was also followed in the case of *Cablevision v Lokshin*, 980 F. Supp. 107 (E.D.N.Y. 1997). The *Charter* was just cited favorably and followed in the case of *Comcast v Doucette* CA NO, 03-11779-REK (D. Mass 2005). Accordingly the plaintiff's asserts that the Defendants' actions in purchasing and utilizing a black box to avoid paying cable television bills were willful and intentional and these actions were done to give the Defendants a private financial gain subjecting them to the additional statutory damages referenced above. See *Charter v Burdulis* __ F.Supp.2d __ 2005 WL 984223 (D. Mass 2005) and *Comcast v Doucette* CA NO, 03-11779-REK (D. Mass 2005), *Cablevision v Lokshin*, 980 F. Supp. 107 (E.D.N.Y. 1997)

4. **Assessing additional damages as a form of deterrence,**

At least three separate cases where courts have *specifically added statutory damages for the purpose of deterrence*. See *Time Warner v Domsky*, No. 96 Civ. 6851, 1997 U.S. Dist. LEXIS 13505 (S.D.N.Y. Sept. 2, 1997), *DIRECTV v Getchel* 2004 WL 1202717 (D. Conn. 2004) and *Cablevision v Collins* 2004 WL 1490307 (S.D.N.Y. 2004).

The court in the *Domsky* case clearly set forth the deterrence reasoning when, after estimating the damage in a manner similar to *Naranjo* it said:

> While I find these amounts reasonably approximate the lost revenue from the use of a pirate box, it would not be sufficient deterrence if the damages payable by a violator were limited to the value of the stolen services. There would be no incentive

> to cease the violation if the penalty were merely the amount that should have been paid. *Id* at 18

The *Domsky* court then went on to double its estimate of damages as a form of deterrence when assessing the statutory damages. This reasoning was recently explicitly followed in the *Collins* case where that court also doubled its estimate of damages as a form of deterrence when assessing statutory damages.

The Connecticut Federal District Court recently considered willfulness and deterrence when assessing statutory damages for the unauthorized interception of television signals in the case of *DIRECTV v Getchel,* 2004 WL 1202717 (D. Conn. 2004). The court in the *Getchel case* cited to the case of *Cable/Home Communications corp. v. Network Productions, Inc.*, 902 F. 2d 829, 852 (11th cir. 1990) for the proposition that "In its broad discretion for determining statutory damages, the district court should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed." *Id* at 3. The court then went on to assess statutory damages above the statutory minimum finding that the minimum would "have no deterrent effect". *Id* at 3.

In this civil action, the Defendants have defaulted to the specific allegations that the violations were made in a willful and knowing manner. Following the line of reasoning set forth in these cases, this court should double its estimate of actual damages or, at a minimum, the court should make an assessment of damage significant enough to act as a deterrent and to take into account the willfulness of the violation.

**5. Conclusion as to Statutory Damages**

Based upon the statute, the arguments and the case law referenced above, statutory damages in this case could be assessed even higher than the $7,000.00 that is being sought by the Plaintiff. (See attached **Exhibit C** for prior awards by this court for damages assessed of $7,000.00)

**III. Injunctive Relief**

Based upon the Defendants' liability as determined by the Default, the Plaintiff is entitled to injunctive relief against the Defendants pursuant to Title 47 U.S.C. § 553 (c) (2)(A) which provides that the Court:

> "May grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a)(1) of this section"

The Plaintiff need not prove irreparable harm for the injunction to issue. Where express authority for issuance of statutory injunctions is provided by legislative enactment, an injunction may issue without resort to the traditional "equitable" prerequisites so long as liability has been established under the statute. See *General Instrument Corp. v. Nu-Tek Electronics & Manufacturing, Inc.*, 3F. Supp 2d 602, 607 (E.D.Pa.1998), aff'd 197F.3d 83 (3d Cir.1999). The terms of the requested injunction are reasonably drafted to thwart any future piracy activities by the Defendants.

**IV. Attorney's Fees**

Pursuant to Title 47 U.S.C. 553(c)(2)(C), the Court should direct the recovery of full costs, including awarding reasonable attorneys fees to an aggrieved party who prevails. The First Circuit follows the "lodestar" approach when awarding attorney's fees pursuant to a Federal statutory authorization. See, *Furtado v. Bishop*, 635 F.2d 915, (1st Cir. 1980). Using the "lodestar" approach, the Court would normally multiply the number of hours worked by a reasonable hourly rate. Utilizing the "lodestar" approach, the Court would, in essence, multiply the reasonable number of hours worked by a reasonable hourly rate. Plaintiff's counsel has filed an Affidavit with this court that would justify an attorney's fees award of $1,380.00.

**V. Post-judgment Interest**

The Plaintiff is entitled to post-judgment interest accruing on the Judgment pursuant to 28 U.S.C. §1961. Said statute covers post-judgment interest on civil actions brought to judgment in U.S.

District Courts.

## VI. Costs

The Plaintiff is also entitled to costs incurred in this action pursuant to § 553, specifically:

| | | |
|---|---|---|
| a. | Filing Fee ( including fee for out-of-state attorney): | $150.00 |
| b. | Sheriff's Service Fee: | $ 65.00 |
| **TOTAL COSTS:** | | **$215.00** |

## VII. Conclusion

Pursuant to all of the above, the Plaintiff is entitled to a default judgment against the Defendants, jointly and severally, as follows:

1. $7,000.00 in statutory damages pursuant to § 553;

   (See attached **Exhibit C**)

2. Attorney's and paralegal's fees of **$ 1,380.00**;

3. Costs of **$215.00**;

4. The issuance of a permanent injunction pursuant to Title 47 §553 utilizing the following language or language of a similar nature:

   > The Court hereby enjoins the Defendants, the Defendants' respective agents, servants, employees, and any person or entity controlled directly or indirectly by the Defendants or acting on the Defendants' behalf from the further modification and/or use of electronic equipment designed for the unauthorized interception of signal in violations of provisions of Title 47;

5. Post-judgment interest running on the judgment pursuant to 26 U.S.C. § 1961.

Respectfully Submitted for the Plaintiff,
CoxCom, Inc.
dba Cox Communications New England
By Its Attorney,

6/30/05
Date

Francis Holbrook (Bar No.: 3412)
Miller, Scott & Holbrook
122 Touro St.
Newport, RI 02840