EXHIBIT C

MILLER SCOTT & HOLBROOK

*Attorneys and Counselors at Law*

MICHAEL W. MILLER
TURNER C. SCOTT
FRANCIS S. HOLBROOK II*

*Of Counsel*
ROLAND F. CHASE

*also admitted in Connecticut*

September 13, 2004

United States District Court
District of Rhode Island
Federal Building and Courthouse
Attn: Alba-Sue Mercurio
One Exchange Terrace
Providence, RI 02903

***RE: CoxCom Inc. dba Cox Comm. NE vs Angel Parillo***
***Case No.: 03-453S***

Dear Ms. Mercurio:

Enclosed please find a Notarized Witness statement from Cox Communications which provides a factual basis for the Plaintiff's claim for statutory damages in the amount of $7,000.00, as requested in our Motion for Default Judgement.

In the event you require any further documentation, could you please contact me.

Respectfully,

MILLER SCOTT & HOLBROOK

Francis S. Holbrook II

FSH/cb
0810.wpdcb-7099/12

122 TOURO STREET NEWPORT, RHODE ISLAND 02840-2967 TEL 401-847-7500 FAX 401-848-5854 E-MAIL attorney@millerscott.com

# WITNESS STATEMENT

Time: 11:00 am
Date: 09/10/04
Place: Lincoln, RI

I, Lisa Bedard, voluntarily without threats or promises, make the following statements:

Q. What is your name?
A. Lisa Bedard

Q. What is your date of birth?
A. N\A

Q. What is your present address?
A. 1320 Eddie Dowling Hwy Lincoln RI 02865

Q. What is your occupation?
A. New England Security Analyst

On 12/31/99 Cox Communications received information that an individual, with the last name of Parillo, was using a "black box" to steel cable services at 43 North Fairview St Johnston RI. According to Cox Communications' database, this was the residence of an Angel Parillo.

After extensive "electronic testing" witch started on 05/01/00 and ended on 11/21/00, it was concluded that the Cox Communications' converter box (serial # T0B310511A2), assigned to Mr. Parillo, had been compromised by an unauthorized device.

This converter was recovered on 02/01/01 and was immediately sent to Motorola / General Instruments (the converters manufacturer) for analysis. Motorola / General Instruments' tests concluded that the converter was compromised by an unauthorized device, known as a "cube" or Field Test Generator.

Within the 13 months Mr. Parillo was in possession of this converter, he had access to the following services at the listed costs:

- 5 Premium service packages @ 10.95 per premium per month = $54.75
- 30 original Pay-Per View titles per month @ 3.95 each = $118.50
- 9 Pay-Per View special events per month (Boxing, Wrestling, Etc.) @ an average of $32.45 each = $292.05
- 1 Pay-Per View Spice (adult) channel per night @ $8.95 = $268.50 per month

Using the above; Mr. Parillo obtained services in the amount of $733.80 per month, Multiplied by the 13 months; equaling a total of $9,539.40 in services.

Elizabeth McDias
Notary Public exp. 4/30/2007

Lisa M. Bedard
Cox Communications
New England Security Analyst

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CoxCom, Inc. dba Cox Communications New England**
Plaintiff,

vs.

**Angel Parillo**
Defendant

Case No.: **03-453S**

**PLAINTIFF'S PROPOSED ORDER FOR MOTION FOR DEFAULT JUDGMENT**

The Court, having considered the Plaintiff's Motion for Default Judgment and the accompanying documentation filed with said motion, finds that the Plaintiff is entitled to a Default Judgment as follows:

1. $7,000.00 in baseline statutory damages pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii) for the violation of 47 U.S.C. § 553(a);

2. costs $195.00 pursuant to 47 U.S.C. 553(c)(2)(C);

3. The issuance of a permanent injunction pursuant to 47 U.S.C. § 553 (c)(2)(A) utilizing the following language or language of a similar nature:

   "The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees, and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from the further modification and/or use of electronic equipment designed for the unauthorized interception of signal in violation of provisions of Title 47; and,

4. Post-Judgment interest running on the judgment pursuant to 26 U.S.C. § 1961.

Attorney's fees of $1,080.00 pursuant to Title 47 U.S.C. 553(c)(2)(C).

**SO ORDERED.**

Dated: 9/21/04

United States District Court Judge

9